IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DON LETHERER,

       Plaintiff,

       vs.                                              No. CIV 01-0207 LH/WWD

WILLIAM POPE, TONY SCHAEFER, JEROME
BLOCK, and JACK HIATT,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Count V (Retaliatory Discharge) of Plaintiff's Complaint (Docket No. 19), filed April 24, 2001.  The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken and will be **granted**.

       This suit stems from Plaintiff's termination as Superintendent of Insurance for the state of New Mexico in January of this year.  Plaintiff brings various causes of action against several members of the Public Regulations Commission (PRC), Defendants Pope, Schaefer, and Block, and the PRC chief of staff, Defendant Hiatt.  Defendants move for dismissal of Count V - Retaliatory Discharge, on grounds that immunity for such a claim is not waived under the New Mexico Tort Claims Act (NMTCA).

       Plaintiff does not dispute that this claim originates in tort law, but argues that N.M. STAT. ANN. § 59A-2-2 should be seen as implicitly waiving the NMTCA.  This statute provides:

> The superintendent of insurance shall be chief officer of the insurance division. The superintendent shall be appointed and may be removed for cause at any time by the commission.

N.M. STAT. ANN. § 59A-2-2 (Michie Repl. Pamp. 2000)(1984 N.M. Laws ch. 127 § 20). Alternatively, Plaintiff requests the question be certified to the New Mexico supreme court.

"Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)(citing *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974); *Holler v. United States*, 724 F.2d 104, 105-06 (10th Cir.1983)). Certification, however, "is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Id.* Rather, "a necessary but not controlling component is the difficulty in determining local law." *Copier v. Smith & Wesson Corp.*, 138 F.3d 833, 839 (10th Cir. 1998). Furthermore, in discussing criteria for pretrial certification from a federal court, the New Mexico supreme court has stated that:

> the degree of uncertainty in the law and prospects for judicial economy in the termination of litigation are considered . . . . These considerations, however, are appropriately weighed against the advantages of normal appellate review . . . . To these criteria . . . we would add that in all certifications the issue should present a significant question of law under the New Mexico Constitution or be one of such substantial public interest that it should be determined by this Court.

*Schlieter v. Carlos*. 108 N.M. 507, 775 P.2d 709 (1989).

Having considered the pertinent law, the Court finds that certification to the New Mexico supreme court of the question of whether Plaintiff may pursue his claim of retaliatory discharge would be inappropriate. Thus, the Court next addresses this issue.

Although § 59A-2-2 was implemented well after the New Mexico legislature reestablished sovereign immunity by statute, *see* N.M. STAT. ANN. § 41-4-1 to -29 (Michie Repl. Pamp. 1996) (1976 N.M. Laws ch. 58), the Court does not see this provision as a creating an exemption, explicit

or implicit, to that general grant of governmental immunity.  As the New Mexico supreme court discussed in *Bd. of County Comm'rs of San Miguel County v. Risk Mgmt. Div.*:

> The Tort Claims Act was enacted in response to the judicial abrogation of sovereign immunity in *Hicks v. State*, 88 N.M. 588, 592, 544 P.2d 1153, 1157 (1975).  *The basic intent of the Act was to reestablish governmental immunity, while creating specific exceptions for which the government could be sued for tort liability*.  Accordingly, Section 41-4-4 provides for tort immunity for governmental entities and public employees acting within the scope of their duties, with *specific activities excepted from immunity set out in Sections 41-4-5 through 41-4-12*.

120 N.M. 178, 180, 899 P.2d 1132, 1134 (1995)(emphasis added).  Section 59A-2-2 may well grant some legal rights to Plaintiff, but the ability to bring a retaliatory discharge claim under the NMTCA is not among them.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count V (Retaliatory Discharge) of Plaintiff's Complaint (Docket No. 19), filed April 24, 2001, is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**