# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DON LETHERER,

    Plaintiff,

    vs.                                  No. CIV 01-0207 LH/RLP

WILLIAM POPE, TONY SCHAEFER, JEROME
BLOCK, and JACK HIATT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend (Docket No. 45), filed September 4, 2001. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

Subsequent to service of a responsive pleading, absent consent of the adverse party, "a party may amend . . . only by leave of court . . ., and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Whether to grant such leave, however, lies "'within the discretion of the trial Court,'" and leave to amend may be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment.'" *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir. 1987)(quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321-330 (1971); *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff seeks to amend his Complaint to add a claim of denial of his right of access to federal court by the destruction of documents and the intimidation of witnesses. Most, if not all, of the alleged misdeeds took place during discovery in this case.

As the Tenth Circuit Court of Appeals discussed in *Wilson v. Meeks*, a "distinction is drawn between interference with discovery and interference with the filing of the complaint" in right of access claims. 52 F.3d 1547, 1557 (1995). Regarding this distinction, the *Meeks* Court found persuasive the Fifth Circuit's limitation of right of access claims to the latter circumstance. *Id.* (citing *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (1994)). Thus, a right of access claim is characterized in terms of "the right to institute suit," which is "implicated where the ability to file suit was delayed, or blocked altogether." *Foster*, 28 F.3d at 430 & n.8. Such is not the case here, and because the proposed amendment does not state a cause of action for denial of access to the courts, Plaintiff's Motion must be denied as futile.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (Docket No. 45), filed September 4, 2001, is **DENIED**.

---
**UNITED STATES DISTRICT JUDGE**