IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DON LETHERER,

    Plaintiff,

    vs.                                               No. CIV 01-0207 LH/RLP

WILLIAM POPE, TONY SCHAEFER, JEROME
BLOCK, and JACK HIATT,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Count[] II . . . (Docket No. 72), filed October 10, 2001; Defendants' Motion for Partial Summary Judgment (Docket No. 93), filed November 2, 2001; Plaintiff's Motion for Summary Judgment on Count I of the Complaint . . . (Docket No. 191), filed April 29, 2002; Defendants' Motion for Summary Judgment (Docket No. 194), filed April 30, 2002; Defendant Jack Hiatt's Motion for Partial Summary Judgment on First Amendment . . . Claims (Docket No. 196), filed May 1, 2002; and Plaintiff's Motion to Strike (Docket No. 223), filed July 31, 2002. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, having heard oral argument on September 3, 2002, and otherwise being fully advised, finds for the reasons set forth on the record at the hearing and stated below that Defendants' Motion to Dismiss Count[] II . . . is well taken and will be **granted**, Defendants' Motion for Partial Summary Judgment (Count I) is not well taken and will be **denied**, Plaintiff's Motion for Summary Judgment on Count I of the Complaint . . . is well taken in part and will be **granted in part**, Defendants' Motion for Summary Judgment is not well

taken and will be **denied**, Defendant Jack Hiatt's Motion for Partial Summary Judgment on First Amendment . . . Claims is not well taken and will be **denied**, and Plaintiff's Motion to Strike is moot and will be **denied as moot**.

At the hearing, the Court took Defendants' Motion to Dismiss Count[] II under advisement. In this Motion, Defendants move for dismissal of Plaintiff's equal protection claims. As the Tenth Circuit Court of Appeals recently has noted, equal protection claims may be brought by a "class of one," wherein a plaintiff need not allege that he is "part of a suspect class or implicate a fundamental right to state a claim." *Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (2001)(citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000)). Thus, "class of one" equal protection claims may be brought "'where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Olech*, 528 U.S. at 564). Additionally, equal protection claims may proceed on a more specific theory, that of "'subjective ill will' on the part of government officials[, where a plaintiff] must show that 'the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' [him] for reasons wholly unrelated to any legitimate state objective.'" *Id.* (quoting *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)). "As with any equal protection claim[, however, Plaintiff] must also demonstrate that he was *treated 'differently than another who is similarly situated.'*" *Id.* (emphasis added)(quoting *Buckley Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 859 (10th Cir. 1991)(citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985))).

Both in his Memorandum in Response to Defendants' Motion to Dismiss Count[] II and at oral argument, Plaintiff failed to identify those with whom he was similarly situated. Therefore, the Court must grant Defendants' Motion to Dismiss Count[] II.

Plaintiff's Motion to Strike is also pending before the Court, but was not addressed at the hearing. In this Motion, Plaintiff asks the Court to strike in whole or in part the affidavit of Bernie Padilla, which was submitted by Defendants in support of their Reply in Support of Defendants' Motion for Summary Judgment. As Defendants' Motion was denied at the hearing, Plaintiff's Motion to Strike is now moot and will be denied as such.

**IT IS HEREBY ORDERED** that

1. Defendants' Motion to Dismiss Count[] II . . . (Docket No. 72), filed October 10, 2001, is **GRANTED**;

2. Defendants' Motion for Partial Summary Judgment (Docket No. 93), filed November 2, 2001, is **DENIED**;

3. Plaintiff's Motion for Summary Judgment on Count I of the Complaint . . . (Docket No. 191), filed April 29, 2002, is **GRANTED IN PART**;

4. Defendants' Motion for Summary Judgment (Docket No. 194), filed April 30, 2002, is **DENIED**;

5. Defendant Jack Hiatt's Motion for Partial Summary Judgment on First Amendment . . . Claims (Docket No. 196), filed May 1, 2002, is **DENIED**; and

6. Plaintiff's Motion to Strike (Docket No. 223), filed July 31, 2002, is **DENIED AS MOOT**.

_____
**UNITED STATES DISTRICT JUDGE**